ACCEPTED
03-14-00725-CV
4598006
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/23/2015 11:48:37 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00725-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/23/2015 11:48:37 AM
JEFFREY D. KYLE
Clerk

In the Third Court of Appeals
Austin, Texas

**GEORGE GREEN AND GARLAN GREEN (DECEASED),**
*Appellants*

**v.**

**PORT OF CALL HOMEOWNERS ASSOCIATION**
*Appellee*

**APPEAL FROM CAUSE NO. 18314**
**33RD JUDICIAL DISTRICT COURT OF LLANO COUNTY, TEXAS**
**HON. ALLAN GARRETT, PRESIDING**

**APPELLANTS' SUPPLEMENTAL RESPONSE
TO APPLELLEES' MOTION TO DISMISS**

David Junkin
State Bar No. 11058020
Law Office of David Junkin
P.O. Box 2910
Wimberley, Texas 78676
512/847-8600
512/847-8604 (fax)
david@junkinlawoffice.com
*Attorney for Appellants*

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellants, George Green and Garlan Green (now deceased) file this supplemental response to the Appellee's Motion to Dismiss Appellant's Appeal Because of Mootness (the "Motion to Dismiss") as follows:

1. On February 22, 2015 the Appellants filed their response to the Motion to Dismiss and requested additional time to respond based on a supplemental Reporter's Record requested by Appellees. In following up on the Supplemental Reporter's Record, it appears that Appellees' cancelled the request for the Supplemental Record. See Exhibit A. Appellants were not aware that Appellees canceled their request for a supplemental record.

2. The portions of the Supplemental Reporter's Record that contain statements from Appellees' counsel reflecting the injunctive nature and purpose of the "Discovery Order," include, but are not limited to, the following:

> *MR. JUNKIN: . . . In other words, it says -- this is in the third paragraph down, beginning about in the middle, "Plaintiff's requests, oral or written, for documents addressed in this order or previously produced by Defendants will be viewed as an abuse of discovery and subject to sanctions." . . .*
>
> *THE COURT: Well, I was proposing taking that paragraph out completely and just putting, "Any violation of this order". Any consternation with that? I mean...*
>
> *MS. COUGHLIN: The only issue I have with that, Your Honor, is that by removing that paragraph*

*entirely, the plaintiff, without his attorney, can continue -- once he gains standing -- sending these letters, "You better give me these documents within three days or else." And that kind of brings us back to where we started in October. So I thought this was middle ground because it says, in Paragraph 2, defendants can ignore your requests, and in Paragraph 3 says if you keep doing it, you can get sanctioned.*

*. . .*

*MS. COUGHLIN: And, Your Honor, may I -- I know I'm belaboring it, but we've been here several times, and the reason that I believe your order was as specific as it was, was because the order that you entered in August was a very short order. It was after we had a long hearing. And you had verbally told Mr. Green stop asking, but the order didn't say that. And so then opposing counsel came back when we had a hearing saying you're violating the order and said, "But the order doesn't say it, so we're not allowed -- you know, we're allowed to do it." And so it ends up being a circular argument. If the order doesn't specifically prohibit behavior, then they're going to say they're allowed to do it. And if it does, then it's injunctive in nature and --*

Supplemental Reporter's Record, Page 27, Line 3 through Page 29, Line 16.

3. From the comments above, Appellees' trial counsel show that the underlying purpose of the "Discovery Order" is to grant basically the same relief Appellees' purport to have gained in the Second Order. The Discovery Order enjoins requests for documents, including documents available outside of the discovery process. The Appellees' request for the Vacating Order and concurrent

request for issuance of the "Discovery Order" is an improper attempt to oust this Court of jurisdiction over the Second Order.

## PRAYER

Appellants move that the Appellees' Motion to Dismiss be denied and that Appellants be awarded all such other and further relief, including general relief, to which they might be entitled.

Respectfully submitted,

Law Office of David Junkin

_____
David Junkin
State Bar No. 11058020
P.O. Box 2910
Wimberley, Texas 78676
512/847-8600
512/847-8604 (fax)
david@junkinlawoffice.com

Attorney for Appellants
George and Garlan Green

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this supplemental response was served on the following counsel of record and in the manner indicated on March 23, 2015.

**VIA FAX OR AND/OR ESERVE**

Brantley Ross Pringle, Jr.
Heidi Coughlin
Wright & Greenhill, PC
221 West 6th Street, Suite 1800
Austin, TX 78701

**VIA FAX AND/OR ESERVE**

L. Hayes Fuller, III
Naman, Howell, Smith, & Lee, PLLC
P.O. Box 1470
Waco, TX 76703-1470

David Junkin

**david junkin**

| | |
|---|---|
| **From:** | 33reporter@gmail.com |
| **Sent:** | Monday, March 16, 2015 1:45 AM |
| **To:** | david junkin |
| **Cc:** | <33reporter@dcourttexas.org> |
| **Subject:** | Re: 18314 Greeen v. POC |

Good morning, Mr. Junkin.

While they did initially order this transcript on 2/06/15, they subsequently canceled said order on 2/10/15 before transcription began.  This record is not being prepared.

Thank you,
Stephane

Sent from my iPhone

On Mar 15, 2015, at 6:06 PM, "david junkin" <david@junkinlawoffice.com> wrote:

> Ms. Larsen:  On February 6, Wright and Greenhill requested a supplemental reporter's record in this case.  Please see the attached.  Can you let me know the status of the supplemental record?  Thank you
>
> David Junkin
> Junkin Law Office
> P.O. Box 2910
> 15401 RR 12, Suite 105
> Wimberley, TX 78676
> 512/847-8600
> 512/847-8604 (fax)
>
> IMPORTANT: This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately by telephone (512/847-8600), and delete the original and all copies of the message. Thank you.
>
> <ltr-request-WG.pdf>

EXHIBIT A

WRIGHT & GREENHILL, P.C.
ATTORNEYS AT LAW

221 WEST 6TH STREET, SUITE 1800
AUSTIN, TEXAS 78701-3495
P.O. BOX 2166 • 78768

MIKE THOMPSON, JR.
BOARD CERTIFIED
CIVIL APPELLATE LAW

TELEPHONE 512/476-4600
FACSIMILE 512/476-5382
DIRECT DIAL 512/708-5368

INTERNET MTHOMPSON@W-G.COM

February 6, 2015

VIA EMAIL: 33reporter@dcourttexas.org
Stephanie Larsen
Llano County Court Reporter
P.O. Box 554
Marble Falls, Texas 78654

RE:     **SUPPLEMENTAL REPORTER'S RECORD FOR THE APPEAL**
Cause No. 18,314; *George Green v. Port of Call Homeowners Association, Randolph Harig, Nancy Carothers, and Philip Jacobs*; In the District Court of Llano County, Texas 33rd Judicial District
Our File No. 9792-43682

Dear Stephanie:

Please allow this letter to serve as a request for a Supplemental Reporter's Record for the ongoing appeal in this case. To that end, if you would please prepare a record of the court hearing on January 30, 2015. Please advise us of the cost of preparation of that Reporter's Record, and we will promptly make payment of same. Then, please file that with the Third Court of Appeals in Austin for the ongoing interlocutory appeal in this case.

If you have any questions, please do not hesitate to call.

Sincerely,

WRIGHT & GREENHILL, P.C.

*Mike Thompson*

By:_____
    Mike Thompson, Jr.

MT/jcj

cc:     David Junkin – via facsimile
        L. Hayes Fuller, III – via facsimile